UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GUSTAVO ESPINOZA,

    Plaintiff,

v.                                Case No. 8:13-cv-1094-T-33EAJ

LEO'S CONSTRUCTION GROUP, INC.,

    Defendant.
_____/

**ORDER**

This matter comes before the Court in consideration of Plaintiff Gustavo Espinoza's Motion for Entry of Default Final Judgment against Defendant, Leo's Construction Group, Inc. (Doc. # 37), filed on January 8, 2014. For the reasons that follow, the Court grants the Motion.

**I.**    **Legal Standard**

Federal Rule of Civil Procedure 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil

Procedure 55(b)(2). DirecTV, Inc. v. Griffin, 290 F. Supp. 2d 1340, 1343 (M.D. Fla. 2003).

The mere entry of a default by the Clerk does not, in itself, warrant the Court entering a default judgment. See Tyco Fire & Sec. LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007) (citing Nishimatsu Constr. Co. v. Hous. Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). Rather, a Court must ensure that there is a sufficient basis in the pleadings for the judgment to be entered. Id. A default judgment has the effect of establishing as fact the plaintiff's well-pled allegations of fact and bars the defendant from contesting those facts on appeal. Id.

**II. Discussion**

On April 24, 2013, Espinoza initiated this action against Leo's Construction Group for recovery of overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (Doc. # 1-2). Within the Complaint, Espinoza alleges that Leo's Construction Group hired him in May of 2011 to work as a "laborer" in the Sarasota Memorial Hospital construction site. (Id. at ¶¶ 13-14). Espinoza further alleges that, "[f]rom at least May [of] 2011, and continuing through October 31, 2012, Defendant failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's

2

regular rate for all hours worked in excess of forty hours in a single workweek." (Id. at ¶ 16). More specifically, in his answers to the Court's interrogatories, Espinoza claims that he "usually worked from Monday through Friday (7:00 a.m. to 5:30 p.m.) and Saturday (7:00 a.m. to 3:30 p.m.) . . . doing drywall, framing, fire-taping, stencils, and other similar tasks." (Doc. # 24-1 at 1).

Espinoza effected service of process on Leo's Construction Group on May 17, 2013. (Doc. # 7 at 1). In June of 2013, the owner of Leo's Construction Group sent a letter to Espinoza's counsel designated as an "official Answer and Response to the complaint filed in the [U.S.] District Court." (Doc. # 10-2 at 2). On June 14, 2013, the Court entered an Order explaining that such correspondence must be filed with the Court, and additionally explaining that the Court could not accept the letter as an Answer on behalf of Leo's Construction Group because, in accordance with Local Rule 2.03(e), a corporation may appear and be heard only through counsel admitted to practice before this Court. (Doc. # 11 at 2-3). Leo's Construction Group subsequently retained counsel in this matter who filed an Answer and Affirmative Defenses on behalf of the corporation (Doc. # 13), but the Court granted counsel's motion to withdraw on

August 13, 2013 (Doc. # 22). Despite the Court's warning regarding the possibility of default (see Doc. # 25), Leo's Construction Group has failed to appear in this action since the withdrawal of counsel in August of 2013.

On October 9, 2013, the Court entered an Order granting Espinoza's motion to strike Leo's Construction Group's Answer (Doc. # 30), and the Clerk filed an entry of default as to Leo's Construction Group on the same day (Doc. # 31). On January 8, 2014, after two deadline extensions granted by the Court (Doc. ## 33, 35), Espinoza filed the instant Motion for Entry of Default Final Judgment (Doc. # 37).

Based upon the Clerk's entry of default, the well-pleaded factual allegations in the Complaint, the sworn Answers to Court Interrogatories filed in support of Espinoza's Motion (Doc. # 37-1), and the Motion itself, the Court determines that the Motion is due to be granted and further determines that a hearing on this matter is not needed. Espinoza is entitled to an award of overtime compensation in the amount of $7,875.00, based on Espinoza's "conservative estimate" of 14 overtime hours per week for 75 weeks, for which he was paid his regular hourly rate of $15.00

rather than the appropriate overtime rate of $22.50.[1]  This amount is capable of accurate and ready mathematical computation and ascertainment from Espinoza's sworn Answers to Court Interrogatories.

Additionally, by statute, "[a]ny employer who violates the provisions of [the FLSA] shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b); see Davila v. Menendez, No. 12-11049, 2013 WL 2460199, at *6 (11th Cir. June 10, 2013) ("An employee ordinarily is entitled to liquidated damages if her employer violated the minimum wage laws."). Espinoza claims that "[a]n employer who seeks to avoid liquidated damages as a result of violating the provisions of the FLSA bears the burden of proving that its violation was both in good faith and predicated upon reasonable grounds." (Doc. # 37 at 3)(citing Joiner v. City of Macon, 814 F.2d 1537 (11th Cir. 1987)). Espinoza further argues that Leo's Construction Group "failed to meet its burden to oppose the imposition of liquidated

---

[1] Based on a regular hourly rate of $15.00, Espinoza is owed $7.50 for each overtime hour worked.  $7.50 X 14 (overtime hours per week) = $105.00 per week.  $105.00 per week X 75 weeks = $7,875.00 in overtime wages owed.

damages, and therefore liquidated damages must also be awarded." (Id.).

The Court agrees that liquidated damages are appropriate in this case. "When, as here, the defendant[ ] ha[s] not presented a defense that the failure to pay . . . overtime compensation was in good faith, the Court must also require the employer to pay liquidated damages in an additional amount equal to 'the amount of their unpaid . . . overtime compensation . . . .'" Fernandez v. Belly, Inc., No. 6:05-cv-1074-Orl-31KRS, 2006 WL 5159188, at *5 (M.D. Fla. May 23, 2006).

Accordingly, the Court finds that Espinoza is entitled to a judgment against Leo's Construction Group in the amount of $15,750.00, representing his unpaid overtime wages of $7,875.00 and an award of liquidated damages in the amount of $7,875.00. The Court thus directs the Clerk to enter a final default judgment against Leo's Construction Group and in favor of Espinoza in the amount of $15,750.00.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Plaintiff Gustavo Espinoza's Motion for Entry of Default Final Judgment against Defendant, Leo's Construction Group, Inc. (Doc. # 37) is **GRANTED.**

(2) The Clerk is directed to enter judgment in favor of Plaintiff and against Defendant in the amount of $15,750.00.

(3) If Plaintiff intends to file a motion for attorney fees in this matter, Plaintiff is directed to do so on or before February 11, 2014.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 3rd day of February, 2014.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record

7